## D. P. Erwin & Co. v. John T. Holloway.

1. MASTER AND SERVANT—*False Representations by Servant.*—A master may discharge a servant for false representations as to his capacity.

2. SAME—*Evidence as to Truth of Representations by Servant.*— Where it appears that a person seeking employment made representations as to the amount of work done for a former employer, and his reasons for leaving such employer, and that such representations had great weight in securing his engagement, the new employer should be allowed to develop the whole truth on both of these points in a suit for wrongful discharge.

**Attachment.**—Transcript from a justice of the peace. Appeal from the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

### STATEMENT OF THE CASE.

The appellant firm are wholesale dry goods merchants. Appellee represented them as a traveling salesman. He claimed his employment was for the term of one year, at a fixed salary of $15 per week.

· They claimed his compensation was based on commissions on sales of goods made by him and his engagement for no definite time.

He represented the appellants about twenty days; visited a number of towns and small cities; received $75 to be used in defraying his expenses; reported but one sale, and that to the amount of but $12, and was discharged.

He recovered judgment upon his theory of the contract and they appealed.

Previous to his engagement with the appellants, appellee was in the employ of Mr. C. W. Klemm as a traveling salesman.

In answer to his letter asking a position with the appellant company they requested him to state the amount of his sales for Mr. Klemm, and to give the reason why he left that position.

He replied that his sales for Mr. Klemm would probably be $35,000 in a year, and that he left Mr. Klemm because he thought he could " better himself financially and otherwise."

It appeared from the testimony he traveled for Klemm about two months only, during which time he made sales to the amount of $2,714 and was withdrawn as a salesman at the end of that period.

Mr. Klemm testified, " We parted on a mutual understanding. I said perhaps we had best part and he thought so too," but the court refused to allow the witness to give the conversation between himself and appellee or to state the reason that induced him to dispense with the services of the appellee.

The court, on behalf of appellee gave the following instruction:

The court instructs the jury that if they believe, from the evidence, that the defendant was hired for a fixed salary for a definite time, and was discharged wrongfully before the end of the time of his service, then you should find for the plaintiff, and assess his damages at such sum as you may believe, from the evidence, he has incurred on account of such wrongful discharge, not to exceed the amount of wages that the plaintiff, under his contract, if any, would have earned up to the time of bringing the suit.

KERRICK, SPENCER & BRACKEN, attorneys for appellants.

WELTY & STERLING, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It is undeniable the representations made by the appellee as to the amount of the sales made by him prior to his engagement with the appellant company, and as to the reasons or causes which operated to sever his relations with Klemm, had great weight to induce the appellant company to take appellee into their service, and this whether the agreement entitled appellee to a fixed salary or compensa-

tion by way of commissions. A master may discharge a servant for false representations as to his capacity.

It was important, therefore, that the appellant company should have been permitted to develop the whole truth upon both of these points, and that instructions to the jury should have been accurate and comprehensive in respect to both of them.

But the court refused to permit the appellant company to show by Klemm the facts as to the severance of appellee's relations with him, and restricted the testimony of the witness to the statement that " they parted on a mutual understanding, and because both thought it best they should part."

The conversation between Klemm and the appellee, not the conclusion of the witness thereon, should have been admitted to the jury.

In addition, the instruction given the jury in behalf of the appellee, which is set out in full in the statement, is so framed as to practically exclude from consideration the question whether the contract was induced by the misrepresentations of the appellee as to his capacity as a salesman and as to the reasons he did not retain his former position as a salesman for Klemm.

It was readily susceptible of the interpretation that if a contract was entered into, the appellee was entitled to recover, unless causes arising afterward warranted his discharge.

Instructions given on the part of the appellants had some tendency to remove this objection, but, all considered together, there yet remained room for misapprehension.

Moreover, we strongly incline to the view, a finding the compensation agreed upon was by way of commissions would have been more in harmony with the weight of the evidence and the justice of the matter.

Upon the whole record, we think the judgment should be reversed and the cause remanded for another hearing.